UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES V. FARNSWORTH, ) | Case No. 07-2085-RSM-JPD |
| Petitioner, ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| WARDEN PALMQUIST, ) | |
| Respondent. ) | |

I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Charles V. Farnsworth, proceeding *pro se*, is currently in custody at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"). He has filed with this Court a proposed petition for writ of habeas corpus under 28 U.S.C. § 2241, together with an application to proceed *in forma pauperis* ("IFP") in this action. Dkt. Nos. 4, 5. Petitioner asserts in his petition that respondent and the staff at FDC SeaTac have hindered his ability to represent himself in his ongoing federal criminal proceedings by denying his requests for necessary legal supplies. Dkt. No. 5 at 4-5.[1] Petitioner contends that respondent has violated his rights to due process, equal protection, access to the courts, and effective

---

[1] These supplies include paper clips, rubber bands, carbon paper, photocopies "beyond an arbitrary limit," oversized envelopes, white-out, typewriter ribbon, "paper cutters," highlighters, colored paper, and access to computer-based legal research. Dkt. No. 5 at 4-5.

REPORT AND RECOMMENDATION
PAGE – 1

assistance of counsel. Dkt. No. 5 at 1. He requests that necessary legal supplies be provided to him or, in the alternative, that he be released from confinement. Dkt. No. 5 at 5.

## II.   DISCUSSION

### A.   Petitioner Claims Are Not Cognizable Under § 2241

United States Code Title 28, Section 2241 confers jurisdiction on a federal district court to issue a writ of habeas corpus when a federal or state prisoner establishes that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). An issued writ must be directed "to the person having custody of the person detained." *Id.* § 2243; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (same under § 2255); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (same under § 2254); Rules Governing Section 2254 Cases in the United States District Courts 2(a). The custodian is the person commanded in this regard, and the law will substitute no other. *See, e.g.*, *Pennsylvania Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 39 (1985). For inmates and detainees, this person is typically the warden of the facility in which the petitioner is confined. *Ortiz-Sandoval*, 81 F.3d at 894.

This Court may dismiss the petition and not entertain the writ if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the United States Supreme Court explained that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Id.* at 484; *see also Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) (same).

Here, petitioner appears to be challenging events relating to the *conditions*, not the *validity* or *legality*, of his confinement. Such claims may be brought in an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), but are not cognizable in an action brought under § 2241. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-81 (2005). Consequently, petitioner's § 2241 petition, in its current form, should be dismissed without

prejudice for failure to allege grounds that would entitle him to habeas relief of any kind.

B.     Attempt to Avoid "Three Strikes" Rule of 28 U.S.C. § 1915(g)

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner who brings three or more non-habeas civil actions that are dismissed as frivolous, malicious, or for failure to state a claim is precluded from bringing any other civil action IFP unless the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is a prolific litigator who has filed more than twenty lawsuits in federal court, many of which have been filed in this district. *See Farnsworth v. Pierce County Sheriff*, Case No. C04-5780-RBL-JKA, Dkt. No. 43 (W.D. Wash.) (collecting cases). At least two lawsuits filed in this district, and three including other districts, have been dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g.*, *Farnsworth v. Carter*, Case No. C05-5139-FDB (W.D. Wash.); *Farnsworth v. Pierce County*, Case No. C05-5177-RBL (W.D. Wash.); *Farnsworth v. Glad*, Case No. C94-774 (C.D. Utah). Furthermore, there is no indication from the record that petitioner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Although frivolous habeas petitions normally may not be counted as "strikes" under the PLRA, an action that is filed as a habeas petition, but which actually challenges conditions of confinement, may be so counted. *See Andrews v. King*, 398 F.3d 1113, 1123 n.12 (9th Cir. 2005) (citing *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 779 & n.2 (10th Cir. 1999) (noting that habeas petition more appropriately construed as a § 1983 action is "countable as a strike")). Accordingly, the Court cautions petitioner that his attempt to mislabel or disguise a *Bivens* or § 1983 claim as a habeas action will not save him from the penalties imposed by 28 U.S.C. § 1915(g) should he seek to advance the same allegations in a future civil rights complaint.

III.   CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's IFP application be DENIED and that his § 2241 petition be DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 8th day of February, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 4